WALLACE, JUDGE:
The claimant, Edna May Lyons, filed her claim against the respondent in the amount of $50,000.00 for damages resulting from a fall occasioned when she stepped into a pothole.
The accident occurred on May 22, 1974, at approximately 10:00 a.m. on Washington Street near the intersection of Congress Street in Berkeley Springs, West Virginia. Washington Street is also U.S. Route 522, maintained by the respondent. The weather was clear; the street dry.
A friend of the claimant, James E. Morrison, was in the habit of driving the claimant to work. It was customary to let her out of his car in front of a newsstand where she purchased a paper and then proceeded to walk to work in a store about four buildingsaway. At the place where he usually let her out of his automobile, the curb was painted yellow indicating a no parking zone.
On the morning of the accident, Morrison, as was his custom, let the claimant out of his automobile in front of the newsstand. He stopped his car 14 to 20 inches from the curb. The claimant got out of the car on the passenger side next to the curb. She shut the door, took a step or two, and tripped in a hole in the street and fell. Her left knee was severely injured. There were no other cars parked there and there were no obstructions between the car and the newsstand. The claimant testified she did not see the hole nor remembered it being there before.
The claims investigator for the respondent testified the hole was odd shaped, 19 inches long and 16 inches wide at the widest point. The deepest point was one inch.
Marshall Michael, who was, the County Supervisor for the respondent in Morgan County, testified Washington Street or U.S; *288 522 was part of his responsibility. He testified that he and his crew tried to keep all potholes in the street filled. He stated he had no knowledge of the hole involved in this accident until the claims investigator made his investigation in February, 1976. No one had previously reported it.
The evidence in this case does not establish negligence on the part of the respondent but instead the record reveals that the negligence of the claimant caused her accident. The claimant was familiar with the place where she fell, having gotten out of the car there on numerous occasions, and with the exercise of reasonable care could have avoided her injury. In her testimony, she testified as follows: “Well, I remember that I was close to the curb and there was a lot of dirt on the curb where they had planted a pole, and I was looking at the curb to see where I could step up without getting in all of this loose dirt.” “I was looking at the edge of the curb, and all at once, I just went forward. I stepped in this hole, and just fell flat on my stomach.” “.. .1 had my mind centered on the edge of the curb where all this dirt was and that, and I did not see that there was a hole there.”
The Court is of the opinion and so finds that the evidence does not establish negligence on the part of the respondent and that the claimant’s negligence was the cause of her accident and, accordingly, disallows her claim.
Claim disallowed.